IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01509-LTB-MEH

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

   Plaintiff,

v.

ATTORNEYS TITLE GUARANTY FUND, INC.,

   Defendant.

## PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

   Based upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this action, IT IS ORDERED:

1.   As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. Documents may include, without limitation, answers to interrogatories, responses to requests for production, responses to requests for admission, depositions, and other information and/or documents disclosed pursuant to the disclosure and discovery rules set forth in the Federal Rules of Civil Procedure.

2.   Any party may designate a document as "CONFIDENTIAL" provided that an attorney has reviewed the document and the reviewing attorney has a good faith belief that the information in the document is not in the public domain and is entitled to protection based upon some form of privacy interest, confidentiality interest, trade secret interest, or privilege. The signature of a party's attorney on a disclosure or on responses to written discovery requests shall constitute the attorney's

certification that the attorney has complied with the above requirements with respect to any documents disclosed or produced with that disclosure or discovery response that are marked confidential. CONFIDENTIAL Information (as defined below) shall not be disclosed or used for any purpose except solely in connection with this action's proceedings, including this action's trial.

3. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such CONFIDENTIAL Information may be disclosed to:

(a)     attorneys actively working on this action;

(b)     persons regularly employed or associated with the attorneys actively working on the action whose assistance is required by said attorneys in connection with this action's proceedings, including this action's trial;

(c)     the parties and designated representatives for the parties working on this action;

(d)     expert witnesses and consultants retained in connection with this action, to the extent such disclosure is necessary in connection with this action's proceedings, including this action's trial;

(e)     the Court and its employees (collectively, "Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

4. Prior to disclosing CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), a party shall inform such person of this Protective Order and any person to whom CONFIDENTIAL Information

is disclosed shall be subject to the terms of this Protective Order.

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within twenty (20) business days after the time the notice is received requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the

information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. At the conclusion of this action, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Nothing in this paragraph, however, shall be construed as prohibiting the attorneys for any party from maintaining a complete file regarding this action, including copies of documents that have been designated CONFIDENTIAL. Further, if a party had a document or a copy thereof in its possession prior to the commencement of this action, and that document was later designated CONFIDENTIAL by another party, nothing in this paragraph shall be construed as prohibiting the party who had the document or copies thereof in its possession prior to this action from retaining the document or copies thereof that were in its possession prior to the commencement of this action after the conclusion of this action.

9. This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all of the parties, and it shall be submitted to the Court to be made an Order of the Court. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 3rd day of October, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge

APPROVED AS TO FORM:

KUTAK ROCK LLP                                HKH LAW, LLC

By: *s/ Jeremy D. Peck*                        By: *s/ Gillian McKean Bidgood*
    John H. Bernstein, Esq.                        Stacy A. Carpenter, Esq.
    Jeremy D. Peck, Esq.                            Gillian McKean Bidgood, Esq.
    1801 California Street, Suite 3100              1660 Lincoln Street, Suite 3000
    Denver, CO  80202                               Denver, CO  80202
    Telephone:  (303) 297-2400                      Telephone:  (720) 377-0770
    Facsimile:  (303) 292-7799                      Facsimile:  (720) 377-0777
    Email: john.bernstein@kutakrock.com             Email: scarpenter@hkh-law.com
          jeremy.peck@kutakrock.com                      gbidgood@hkh-law.com

ATTORNEYS FOR PLAINTIFF JPMORGAN              ATTORNEYS FOR DEFENDANT ATTORNEYS
CHASE BANK, NATIONAL ASSOCIATION              TITLE GUARANTY FUND, INC.